IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN WRIGHT, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-07-1041 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| RICK LEE and YORK DAILY RECORD, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## June ☒ , 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This Court is in receipt of a Complaint (doc. 1) initiating the above-
captioned action, filed by pro se Plaintiff Shaun Wright[1] ("Plaintiff" or "Wright")
on June 7, 2007. For the reasons that follow, this action will be dismissed without
prejudice.

## DISCUSSION:

It is well-established that in order for federal courts, such as this one, to
have subject matter jurisdiction over an action, they must be able to exercise either
federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331-1332. It

---

[1] We note that Plaintiff has neither paid the requisite filing fee nor filed an Application to
Proceed In Forma Pauperis.

1

is equally well-established that it is incumbent upon federal courts to ensure that such subject matter jurisdiction exists if such is in question. See Morel v. Immigration and Naturalization Serv., 144 F.3d 248, 251 (3d Cir. 1998) (citing Ins. Corp. of Ireland, Ltd. v. Companie des Bauxite de Guinee, 456 U.S. 694 (1982)). Notably, because Plaintiff has brought this matter before us via his filing of the instant Complaint, it is his burden to establish that subject matter jurisdiction exists. Commonwealth, Dep't of Pub. Welfare v. Markiewicz, 930 F.2d 262, 266 (3d Cir. 1991).

Upon our review of Plaintiff's Complaint, Plaintiff has failed to satisfy his burden. We so conclude for several reasons. First, in the Complaint, Plaintiff, currently an inmate at the State Correctional Institution in Somerset, Pennsylvania ("SCI-Somerset"), names as Defendants two other apparent Pennsylvania residents, the York Daily Record and Rick Lee, a writer therefor. Thus, this Court does not appear to have diversity jurisdiction over this matter. Second, in the Complaint, Plaintiff's allegations all sound in common law defamation as against non-state actors, precluding federal question jurisdiction. Moreover, nothing on the face of Plaintiff's Complaint indicates that this action could be rendered properly before this Court if Plaintiff were granted leave to amend. Accordingly,

we will dismiss this action without prejudice.[2]

An appropriate Order shall issue.

---

[2] Should Plaintiff wish to pursue his claim further, the proper place in which to do so would be a Pennsylvania Court of Common Pleas, likely that of York County.